IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-6

JASON WAYNE HURST,

    Appellant-Petitioner,

v.

KENNETH E. LASSITER, Warden, Central Prison, Raleigh, North Carolina,

    Appellee-Respondent.

**MOTION TO HOLD FEDERAL HABEAS PROCEEDINGS IN ABEYANCE PENDING EXHAUSTION OF STATE REMEDIES**

NOW COMES Petitioner-Appellant, Jason Wayne Hurst, by and through his undersigned counsel, and respectfully moves this Court, pursuant to Local Rule 12(d) and *Rhines v. Weber*, 544 U.S. 269 (2005), to stay these proceedings and hold his appeal in this habeas corpus proceeding in abeyance pending disposition of factual and legal issues in state court that may affect the ultimate resolution of this appeal. In support of his motion, Mr. Hurst shows the following:

## Statement of the Proceedings

Jason Wayne Hurst is an indigent prisoner unconstitutionally and illegally detained under a sentence of death at Central Prison in Raleigh, North Carolina. On April 26, 2013, Mr. Hurst filed a Notice of Appeal to this Court from the final order of the District Court of the United States for the Middle District of North Carolina denying and dismissing his petition for writ of habeas corpus.

Mr. Hurst has a motion for appropriate relief pursuant to the North Carolina Racial Justice Act (RJA MAR) pending in the Superior Court of Randolph County. The Racial Justice Act was enacted in 2009 and subsequently amended on July 2, 2012. Mr. Hurst's RJA MAR was timely filed on August 10, 2010. He timely amended his RJA MAR on August 31, 2012.

## Reasons Why Abeyance is Appropriate

Mr. Hurst's motion and amended motion under the Racial Justice Act allege substantial claims of racial bias that impacted Petitioner's trial and capital sentencing hearing. Should Petitioner prevail on the motion or amended RJA motion, he will receive a life sentence. The sole issue before this Court, for which Mr. Hurst was granted a certificate of appealability, regards whether or not Mr. Hurst was denied a fair capital sentencing hearing. Therefore, if Mr. Hurst prevails on his RJA motions, these proceedings will be moot. Under these

circumstances, resolving pending state motions prior to the conclusion of the instant federal habeas litigation would not frustrate the purposes of the Anti-Terrorism Effective Death Penalty Act and would be in the interest of judicial economy. The interest in judicial economy is particularly significant, given the current funding levels for the federal judiciary in light of the sequester. This Court has already held three similarly situated capital cases in abeyance in order to allow those petitioners to exhaust Racial Justice Act remedies in North Carolina state court.

Mr. Hurst's RJA claim establishes that at the time of his trial and sentencing race played a significant role in his case specifically, as well as in the administration of capital punishment in Randolph County, the Fifth Judicial District, and in North Carolina generally. Accordingly, he should prevail on his RJA claim and receive a life sentence.

In January and February 2012, the Superior court of Cumberland County convened the first evidentiary hearing under the Racial Justice Act. Over nearly three weeks, the Court heard statistical evidence of racial disparities in the prosecutor's use of peremptory jury strikes as well as anecdotal, historical, and documentary evidence of race discrimination in jury selection throughout the state. The Court ultimately concluded that race was a significant factor in prosecution

strike decisions in capital cases throughout North Carolina between 1990 and 2010. *Robinson Order* at 70, ¶ 79; 87, ¶ 118; 109-10, ¶¶ 221-228; 162, ¶ 10.[1]

In October, 2012, the Superior Court of Cumberland Count held another evidentiary hearing under the Racial Justice Act, again considering statistical evidence of racial disparities in the prosecutor's use of peremptory jury strikes during jury selection, as well as anecdotal, historical, and documentary evidence of race discrimination in jury selection throughout the state. In *State v. Golphin, Walters, and Augustine*, the Court again concluded that race was a significant factor in prosecution strike decisions in capital cases throughout North Carolina between 1990 and 2010. *Golphin Order* at 138, ¶ 208; 153-58, ¶¶ 253-63; 179, 328.[2] The *Golphin* Court found both that the 2012 revisions to the RJA were not retroactive, and that the defendants were entitled to relief under both the original 2009 statute and the 2012 revision. *Id.* at 32-45; 201-210; §§ 393-428.

Mr. Hurst is entitled to pursue review of his substantial claims of race

---

[1]The April 30, 2012 Order of Senior resident Superior Court Judge Gregory A. Weeks in *State v. Robinson*, No. 91 CRS 23143, is available online at: http://www.aclu.org/capital-punishment/north-carolina-v-robinson-order.

[2]The December 13, 2013 Order of Senior Resident Superior Court Judge Gregory A. Weeks in *State v. Golphin, Walters, and Augustine,* Nos. 97 CRS 47314-15 (Golphin), 98 CRS 34832, 35044 (Walters), and 01 CRS 65079 (Augustine), is available online at http://www.aclu.org/racial-justice/north-carolina-racial-justice-act-granting-motions-appropriate-relief.

4

discrimination. As a matter of comity, this Court should stay the federal proceedings in order to afford the North Carolina courts an adequate opportunity to consider the errors alleged in Mr. Hurst's RJA MAR. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). *See also Rhines v. Weber*, 544 U.S. 269, 273-74 (2005) (explaining that "the basic structure of federal habeas jurisdiction ... [is] designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions" and doctrines of comity and federalism teach that "one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon this matter.") (internal citations and quotations omitted); *Mobry v. Klimas*, 448 U.S. 444, 447 (1980) (Lacking reason to believe state judicial remedies are unavailable, "a federal court is required to stay its hand to give the State the initial opportunity to pass upon and correct the alleged [constitutional] violations"); *Duffield v. Peyton*, 352 F.2d 802 (4th Cir. 1965) (per curiam) (remanding with instructions to hold petition in abeyance pending "reasonable opportunity to exhaust" state remedies.)

The interest of the federal government in "reduc[ing] delays in the execution of state ... sentences, particularly in capital cases" is fully served here. *Woodford v. Barceau*, 538 U.S. 202, 206 (2003). The state legislature and state courts have

determined that Mr. Hurst's sentence of death will not be carried out until his claims of racial discrimination pursuant to the Racial Justice Act and Amended Racial Justice Act are fully and fairly litigated.

This Court recently found these arguments compelling in three other capital cases from North Carolina wherein the petitioners have sought relief under the Racial Justice Act. *See Morgan v. Lassiter*, No. 12-6 (4th Cir. January 4, 2013) (granting motion to hold case in abeyance pending exhaustion of RJA claims), *Harden v. Lassiter*, No. 11-8 (4th Cir. August 29, 2012) (same) *Forte v. Lassiter*, No. 12-3 (4th Cir. July 31, 2012) (same).[3]

WHEREFORE, Jason Wayne Hurst requests that this Court stay his appeal in this habeas corpus proceeding pending exhaustion of state court remedies.

Respectfully submitted. This the 10th day of June, 2013.

>ROBERT H. HALE, JR. & ASSOCIATES
>ATTORNEYS AT LAW, PC
>
> /s/ Robert H. Hale, Jr.
>Robert H. Hale, Jr.
>Counsel for Appellant
>North Carolina Bar No. 21352
>P.O. Box 1349
>Raleigh, NC 27602
>Tel. (919) 838-0058
>Fax (919) 833-9427

---

[3] *Copies of the orders in Harden, Forte, and* Morgan are attached to this motion.

*CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that a copy of the foregoing was served upon:

Ms. Mary Carla Hollis
Assistant Attorney General
P.O. Box 629
Raleigh, NC 27602
mchollis@ncdoj.gov

by electronic transmission.

This the 10th day of June, 2013.

ROBERT H. HALE, JR. & ASSOCIATES
ATTORNEYS AT LAW, PC

  /s/ Robert H. Hale, Jr.
Robert H. Hale, Jr.
Counsel for Appellant
North Carolina Bar No. 21352
P.O. Box 1349
Raleigh, NC 27602
Tel. (919) 838-0058
Fax (919) 833-9427